[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10253
Non-Argument Calendar
_____

D.C. Docket No. 4:19-cr-00090-RSB-CLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHASE DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(February 11, 2021)

Before JORDAN, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Chase Davis appeals his conviction for arson, in violation of 18 U.S.C. § 844(i), for six small fires at his place of employment, the Gryphon Tea Room in Savannah, Georgia. Davis argues the evidence presented at trial was not sufficient to support that conviction. While he admits he went to the Gryphon in the hours before the fire damage was found, he argues a broken side door showed that someone else could have started the fires. He also argues that the government's theory that he was motivated by anger over a work dispute was contradicted by testimony of his good mood during that same time frame.

We review *de novo* whether sufficient evidence supports a conviction, viewing the evidence in the light most favorable to the government and drawing all reasonable factual inferences from the evidence in favor of the government. *United States v. Frank*, 599 F.3d 1221, 1233 (11th Cir. 2010). Evidence is sufficient if a reasonable trier of fact could find that it established guilt beyond a reasonable doubt. *United States v. Beckles*, 565 F.3d 832, 840 (11th Cir. 2009). A jury may choose among reasonable interpretations of the evidence, so the government's proof need not exclude every reasonable hypothesis of innocence. *See United States v. Jiminez*, 564 F.3d 1280, 1285 (11th Cir. 2009).

To prevail on an arson charge, the government must prove that the defendant (1) maliciously damaged or destroyed, (2) by means of fire or an explosive, (3) a building, vehicle, or other real or personal property used in interstate or foreign

2

commerce or in any activity affecting interstate or foreign commerce.  18 U.S.C.
§ 844(i).

Viewed in the light most favorable to the government, the evidence
presented was sufficient to enable a jury to find Davis guilty beyond a reasonable
doubt.  *See Frank*, 599 F.3d at 1233.  The government established Davis's possible
motive and opportunity for the arson.  The government's proof need not exclude
every reasonable hypothesis of innocence, so the jury was free to choose the
reasonable interpretation of the evidence that Davis was the person who set the
fires, rather than someone else who could have come through the broken side door.
*See Jiminez*, 564 F.3d at 1285.  And a reasonable trier of fact could find that the
following evidence established Davis's guilt beyond a reasonable doubt: testimony
about Davis's repeated attempts to sabotage the restaurant through the canceling of
checks, reservations, and work shifts in the hours surrounding the fires; text
messages just hours before the fires that showed Davis's anger about a work
decision; surveillance footage putting Davis at the scene around the time of
illumination in the windows at the Gryphon; and Davis's incriminating written
statement to investigators.  *See Beckles*, 565 F.3d at 840.  Accordingly, we affirm
Davis's conviction.

**AFFIRMED.**

3